IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUNE L. PLAYFAIR, ) | |
| ) | Case No. CV-09-375-E-BLW |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| SOUTH LEMHI SCHOOL DISTRICT ) | |
| 292 BOARD OF TRUSTEES, VON BEAN, ) | |
| a board member, JAMES WHITTAKER, a ) | |
| board member, CARL LUFKIN, a board ) | |
| member, ROSS GODDARD, a board ) | |
| member, and DEB FOSTER, a board ) | |
| member, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter came before the Court on the evening of August 3, 2009, after being removed from the District Court for the Seventh Judicial District for the State of Idaho. Plaintiff seeks a temporary restraining order that Defendants be prevented from conducting a due process hearing concerning Plaintiff's continued employment with School District No. 292 until such time as this Court can take further evidence and determine whether School District No. 292 board members should be permanently enjoined from conducting the hearing. The hearing is currently scheduled for August 4, 2009, at 2:00 p.m.

Order - 1

The United States Supreme Court recently articulated the standard for a preliminary injunction as follows: "A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008). A "possibility" of irreparable harm is insufficient; irreparable injury must be "likely" in the absence of an injunction. *Id.* A preliminary injunction is "an extraordinary remedy never awarded as of right." *Id.* at 376. In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.*

This case concerns June Playfair's due process rights related to her teaching position and employment contract with South Lemhi School District No. 292. Plaintiff essentially argues that the School Board and its individual members have already determined not to renew her teaching contract. Plaintiff therefore suggests that the hearing, which will be conducted by the same board members who have allegedly already determined to terminate her, violates her due process rights pursuant to Idaho Code § 33-513.

A board of representatives who has predetermined the outcome of a due process hearing may be a denial of due process. *Johnson v. Bonner County Sch. Dist. No. 82 v. Bd. of Trs.*, 887 P.2d 35, 39 (Idaho 1994). However, simply recommending non-renewal of a teacher's contract and holding a due process hearing is not a violation. In fact, it is standard procedure for the superintendent of a school district to make a recommendation of non-renewal, for the board to send out a notice of the recommended non-renewal, and to set a date for the due process hearing. I.C. § 33-513(5). According to the affidavits submitted by the board members in this case, as well as the minutes from the May 11, 2009 board meeting, that is what happened here. The members of the board determined to eliminate the Ag. Science program taught by Ms. Playfair. Consequently, Superintendent Noland recommended that June Playfair's contract not be renewed because she was not qualified or certified to teach any other position that was open or advertised at the time. The board then sent a letter to Ms. Playfair notifying her of her right to a hearing. A due process hearing was then scheduled. (See Affidavits of Von Bean, Whittaker, Goddard, and Noland).

Each board member, except one member who has recused herself from this matter, indicates that any decision regarding whether to renew Ms. Playfair's contract will be made after the evidence is presented at the due process hearing.

**Order - 3**

(See Affidavits of Von Bean, Whittaker, Goddard, and Noland). Notably, however, the minutes of the board meeting indicate that the board convened in executive session for approximately half an hour before deciding to eliminate the Ag. Science Program and not renew Ms. Playfair's contract. Defendants seem to admit that the purpose of the somewhat secretive executive session was to discuss the Ag. Science program and Ms. Playfair's contract. In fact, the minutes indicate that after Superintendent Noland motioned to eliminate the Ag. Science program, the motion was tabled until after executive session. (See South Lemhi School Dist. No. 292 Minutes of Board of Trustees, May 11, 2009). Moreover, in her affidavit, Superintendent Noland states that the decisions to eliminate the Ag. Science program and not renew Ms. Playfair's contract were made "[a]fter discussion in executive session." (Noland Aff., ¶ 11).

The affidavits submitted by the board members fail to address the discussions that occurred during the executive session, and Plaintiff suggests that it was during the executive session that the board members made a definitive determination not to renew her contract. The Idaho Supreme Court has voiced concern with a board of trustees making a final decision regarding termination or non-renewal of contract before conducting the due process hearing. *See e.g.,* [Ferguson v. Board of Trustees, 564 P.2d 971, 973 (Idaho 1977)](). Here, without

evidence about the goings on during the executive session, which defendants could have provided, the Court and Plaintiff are without all the potentially relevant information needed to determine whether the board members already made a determination regarding Ms. Playfair's contract. It may be that only the Ag. Science program was discussed during the executive session, and Ms. Playfair's position was simply a byproduct, but the lack of information about that session causes the Court concern.

Thus, based on the limited briefing before the Court at this point, coupled with the lack of information about the executive session, which could only be provided by defendants, the Court finds that Plaintiff has met her burden of establishing that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. Although a TRO is an extraordinary remedy never awarded as of right, the Court finds that in this case, Plaintiff's position as a teacher may be permanently eliminated if the hearing goes forward, but postponing the hearing will not have such a detrimental effect on the defendants. Accordingly, the Court will grant the TRO.

However, the Court recognizes that, because the next school year is scheduled to commence soon, Defendants need to know, sooner rather than later,

whether Plaintiff will be retained as a teacher. Therefore, the Court will allow defense counsel to request an expedited hearing to challenge the TRO and or hold the preliminary injunction hearing. In fact, the Court expects this to happen within a matter of days. Defendants should recognize, however, that information about the discussions during the executive session may be key to the Court's determination, and that Defendants are the ones who have that information. Thus, Defendants' decision on whether to provide that information to Plaintiff will likely be instrumental in holding the due process hearing without further delay.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for TRO (Docket No. 2) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the defendant, South Lemhi School District No. 292 Board of Trustees and the individual board members, Von Bean, James Whittaker, Carl Lufkin, Ross Goddard and Deb Foster are temporarily restrained from conducting a Due Process Hearing concerning Plaintiff's continued employment with School District No. 292 until such time as this Court can take further evidence and determine whether the School District No. 292 board members should be permanently enjoined from conducting the hearing currently scheduled for August 4, 2009.

**Order - 6**

IT IS FURTHER ORDERED that the plaintiff file immediately with the Clerk of the Court a security in the sum of $500 pursuant to Rule 65(c).

IT IS FURTHER ORDERED that the defendants may at any time move for an expedited hearing to review the issuance of the TRO.

DATED: **August 4, 2009**

/s/ B. Lynn Winmill
B. LYNN WINMILL
Chief Judge
United States District Court